UNITED STATES, PLAINTIFF *v.* FEDERAL INSURANCE COMPANY AND COMETALS, INC., DEFENDANTS

Court No. 82-05-00594

Before WATSON, *Judge.*

(Decided November 15, 1983)

*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Barbara M. Epstein,* attorney) for plaintiff.

*Serko & Simon (David Serko, Margaret H. Sachter, George S. Locker,* of counsel) for defendants.

WATSON, *Judge:* This opinion is limited to deciding the plaintiff's motion to dismiss defendants' counterclaims. The action itself was brought by the United States under 28 U.S.C. § 1582 (2) and (3) for payment of duties and to recover on a bond posted to insure the payment of duties. The action was brought against Cometals, Inc., the importer of the merchandise and Federal Insurance Company, the surety under a general term bond posted by the importer. The action was brought after the importer's customshouse broker, James Loudon & Co. Inc., failed to pay the duties and declared bankruptcy.

The defenses and counterclaims are generally based on claims that the government failed to adequately supervise the broker and failed to notify defendants of the broker's precarious financial condition. This assertedly amounted to tortious negligence or breach of an implied contract on the part of the government which caused financial loss to the importer and increased the risk to the surety. The counterclaims are said to arise under the Federal Tort Claims Act (28 U.S.C. §§ 2671 *et seq.*) the Tucker Act (28 U.S.C. § 1491), the Administrative Procedure Act (5 U.S.C. §§ 701 *et seq.*), and the theory of equitable recoupment.

Plaintiff has moved to dismiss the counterclaims for failure to state a claim. In this opinion, the Court dismisses all but one, as being outside the counterclaim jurisdiction of the Court. The counterclaim for equitable recoupment appears to function much as a set-off, and to that extent its disposition is reserved for the decision on plaintiff's main claim.

The Administrative Procedure Act does not create an action for damages so it has no place as a counterclaim in this action. This Court has no jurisdiction over claims arising under the Federal Tort Claims Act (28 U.S.C. § 1346(b)). *Bar Bea Truck Leasing Co.* v. *United States,* 4 CIT 70, 546 F. Supp. 558 (1982) *rev'd on other grounds,* 713 F.2d 1563 (C.A.F.C. 1983). Consequently, a counterclaim under that Act is *a fortiori* outside the jurisdiction of the Court.

The remaining counterclaim is brought under the Tucker Act (28 U.S.C. § 1491). To dispose of that claim, grounded in breach of an express or implied contract, it is sufficient to note that it cannot come within the counterclaim jurisdiction of the Court because it does not meet the statutory requirements.

The terms of 28 U.S.C. § 1583[1] (and Rule 13 of the Court Rules, which reflect the statute) limit counterclaims to claims which involve the imported merchandise. or to claims to recover upon a bond or customs duties. It is clear that the "Tucker Act" claim does not belong to the latter. It is further clear that it does not involve

---

[1] Sec. 1583. *Counterclaims, cross-claims, and third-party actions:* In any civil action in the Court of International Trade, the Court shall have exclusive jurisdiction to render judgment upon any counterclaim, cross-claim, or third-party action of any party, if (1) such claim or action involves the imported merchandise that is the subject matter of such civil action, or (2) such claim or action is to recover upon a bond or customs duties relating to such merchandise.

the imported merchandise within the meaning of the statute. This reasoning is unavoidable because if "involvement" with the imported merchandise is not sufficient to support a counterclaim by the government to collect customs duties (thus requiring a special mention to permit those counterclaims) the somewhat more remote dispute about the government's obligations to supervise brokers and inform importers and sureties certainly does not "involve the imported merchandise" within the meaning of the counterclaim provision.

For the reasons expressed above, the defendant's counterclaims, with the exception of the claim for equitable recoupment, are hereby DISMISSED.